Dear Chief Poche:
You have asked this office to respond to the following questions concerning the Town of Gramercy, a Lawrason Act municipality, governed by the provisions of R.S. 33:321, et seq.
 1. Is it legal for the Chief of Police to authorize his police officers to use town police cars to work a security detail at a local truck stop casino within the city limits on their off duty time?
You advise us that the Gramercy Police Department has been contracted to work security detail for the Golden Grove Truck Stop Casino in Gramercy from the hours of six p.m. to six a.m., seven days a week.
This office has observed that a law enforcement agency may allow its police officers to contract for private security work during those officers' off-duty hours. The officers may be allowed to use their police issued equipment, including town vehicles. Note that the agency may face liability for the officers' actions as the officers are clothed with the apparent power and authority of that agency. See Attorney General Opinions 01-68, 99-273, and 97-80.
 2. Does the mayor have the authority to nolle prosequi traffic tickets in his office by just signing his initials to the ticket?
The correct method of disposition of traffic tickets is provided for in R.S. 32:398.2 which states:
 § 398.2. Disposition of traffic citations; unlawful acts; records
 A. Each traffic enforcement officer upon issuing a traffic citation to an alleged violator of any provision of the motor vehicle laws of this state or of any traffic ordinance of any city or town shall deposit the original citation or a copy of such traffic citation with a court having jurisdiction over the alleged offense or with the appropriate traffic violations bureau. However, a citation for a violation of R.S. 32:80(A) shall be deposited only with a court and not with a traffic violations bureau.
 B. Upon the deposit of the original citation or a copy of the traffic citation with a court having jurisdiction over the alleged offense or with the traffic violations bureau as set forth herein, the original citation or copy of such traffic citation shall be disposed of only by trial in the court of proper jurisdiction or any other official action by a judge of the court, including forfeiture of the bail, or by the deposit of sufficient bail with the traffic violations bureau or payment of a fine to said bureau by the person to whom such traffic citation has been issued. However, a citation or its copy alleging a violation of R.S. 32:80(A) shall be disposed of only by trial or acceptance of a plea in open court.
 C. It shall be unlawful for any traffic enforcement officer or any other officer or public employee to dispose of a traffic citation or copies thereof or of the record of the issuance of the citation in a manner other than as required herein.
 D. The chief administrative officer of each traffic enforcement agency in the state shall require all traffic officers under his supervision to return to him a copy of every traffic citation which was issued by the officer for the violation of a traffic law or ordinance, and in addition shall require the return of all copies of every traffic citation which has been spoiled or upon which an entry has been made without having issued the citation to the alleged violator.
 E. The chief administrative officer shall also maintain or cause to be maintained in connection with every traffic citation issued by an officer under his supervision a record of the disposition of the charge by the court or its traffic violations bureau in which the original or a copy of the traffic citation was deposited.
 F. Nothing herein shall be construed as prohibiting or interfering with the authority of a district attorney or other prosecuting attorney to dismiss a traffic citation or charge by entry of a nolle prosequi.
This office has previously concluded that the mayor has the right to enter into a nolle prosequi of violations before his court once the violation enters the court process. See R.S. 33:441, granting the mayor's court "jurisdiction over all violations of municipal ordinances" and R.S. 33:442, allowing the mayor to "hold his court at any time"; see also Attorney General Opinions 91-542 and 78-1461.
However, the mayor retains no authority to dismiss citations once a magistrate has been appointed pursuant to R.S. 33:441.29. This statute pertinently provides that "whenever the magistrate is so designated by the mayor to preside over the mayor's court, he shall exercise the powers and authority of the mayor over said court". See attached Attorney General Opinions 00-157 and 93-313.
 3. Does the chief of police have the authority to forward traffic tickets and misdemeanor summons to the district attorney's office for prosecution instead of mayor's court?
This office has previously determined that a Lawrason Act chief of police may determine when violations of municipal ordinances are referred to the district court for disposition. See Attorney General Opinion 84-125.
 4. Does the mayor, alderman, or any member of the planning commission have the authority to investigate or run background checks on police officers?
The ultimate authority to hire and fire police employees rests with the local governing authority, subject to the recommendation of the chief of police. See R.S. 33:362(A)(3) which states that the "board of aldermen shall, by ordinance, provide policies and procedures regulating the employment of municipal employees including the hiring and firing of such employees"; see also R.S. 33:423, stating that an elected chief of police "shall make recommendations to the mayor and the board of aldermen for appointment of police personnel". See also Attorney General Opinions 01-329, 98-204, and 98-460.
As part of this hiring authority, the mayor and board of aldermen may require background checks to be run on potential police department employees. Note that the planning commission has no authority whatsoever in this area under the general powers and duties allowed a planning commission as set forth in R.S. 33:106.
 5. Does an elected chief of police have the authority to keep all police officers personal files or shall the town clerk be the keeper of personal files of police officers?
The duties of a municipality's town clerk are set forth in R.S.33:421, which statute pertinently provides:
 . . . . He shall keep such other books and records as may be provided for by ordinance, and shall file in his office and preserve all records and papers appertaining to the business of the municipality.
This office has previously determined that the time sheets of police personnel are deemed records relative to the business of the municipality and as such, must be filed with the Town Clerk. See Attorney General Opinion 83-653.
We hope the foregoing is helpful to you. As indicated, several earlier opinions of this office are attached which address the questions you raise, and should be reviewed for further insight. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
OPINION NUMBER 93-313
RELEASED AUGUST 6, 1993
71 — MUNICIPALITIES 77 — OFFICERS — Local Municipal; Selection, Qualifications de Tenure; Vacancies R.S. 32:398.2, R.S. 33:441.8
Power to dismiss citations is granted primarily to the prosecuting attorney and secondarily to the court. Prosecuting attorney may dismiss at his discretion before jeopardy attaches and with the consent of defendant after jeopardy attaches. Mayor who appoints magistrate to preside over mayor's court has no authority to dismiss citations. Magistrate can only dismiss citation if legal defect exists or for legally insufficient evidence. Chief of Police has no authority to dismiss citation once citation has been issued.
Mr. Keith W. Manuel Attorney for Town of Cottonport 113 East Ogden Street Marksville, LA 71351
Dear Mr. Manuel:
You requested an opinion from this office on behalf of the Mayor of the Town of Cottonport concerning the dismissal of citations. Your request posed two questions:
(1) In a town with a Mayor-Town Council form of government, with an elected chief of police and an appointed magistrate, who can dismiss or nolle prosequi citations?
(2) When, after issuance of the citation, may it be dismissed or "Nolle Prosequied"?
The first question has been addressed previously in Attorney General Opinion Number 91-542 and Attorney General Opinion Number 89-665. The authority to dismiss citations which have been issued is principally an exercise of prosecutorial power and is within the prosecutor's discretion. The prosecutor of a mayor's court may dismiss for any reason or no reason at all. The power to dismiss citations is secondarily an exercise of judicial power which allows a magistrate to dismiss a citation only if a legal defect exists in the proceedings or after trial for legally insufficient evidence.
The mayor retains no authority to dismiss citations once a magistrate has been appointed. La.R.S. 33:441.8 states, in pertinent part, that: "[w]henever the magistrate is so designated by the mayor to preside over the mayor's court, he shall exercise the powers and authority of the mayor over said court." Additionally, the chief of police may not dismiss a citation after it has been issued. This would constitute a violation of La.R.S. 32:398.2(C) which states that "[i]t shall be unlawful for any traffic enforcement officer or any other officer . . . to dispose of a traffic citation . . . in a manner other than as required herein." The statute requires the officer issuing the citation to deposit such or a copy thereof with a court having jurisdiction over the traffic violation or with the traffic violations bureau. Once the citation is deposited with either the court or the traffic violations bureau, the citation "shall be disposed of only by trial in the court of proper jurisdiction or any other official action by a judge of the court . . . or by the deposit of sufficient bail with traffic violations bureau or payment of a fine to said bureau" by the traffic offender. La.R.S.32:398.2(B). Therefore, the mayor, who has appointed a magistrate, and the chief of police are prohibited from dismissing traffic citations.
Regarding the second question, citations may be dismissed at the discretion of the prosecuting attorney. La.C.Cr.P. art. 691 states that "[t]he district attorney has the power, in his discretion, to dismiss an indictment or a count in an indictment, and in order to exercise that power it is not necessary that he obtain consent of the court." If the prosecuting attorney dismisses the citation prior to the first witness being sworn at trial, then a subsequent prosecution may be instituted on the same charges if the prosecuting attorney chooses to pursue such. If the prosecuting attorney dismisses the citation after the first witness is sworn, but with the defendant's consent, then subsequent prosecution of the same charges is not barred. La.C.Cr.P. art. 693. However, if the dismissal is entered without the defendant's consent after the first witness is sworn at trial, then such dismissal acts as an acquittal and bars subsequent prosecution for the charge dismissal. La.C.Cr.P. art.693(1).
Thus, in summation, it is the opinion of this office that the power to dismiss citations is granted primarily to the prosecuting attorney and secondarily to the court. The court can only dismiss a citation if a legal defect exists in the proceedings or after trial for legally insufficient evidence. A mayor who has appointed a magistrate to preside over the mayor's court relinquishes all authority to dismiss citations. A chief of police may not dismiss a citation once it has been issued. Once a citation has been issued, it can be dismissed or "nolle prosequied" at the sole discretion of the prosecutor. If the citation is dismissed prior to the first witness being sworn at trial or if the citation is dismissed after the first witness is sworn at trial but with the defendant's consent, then subsequent prosecution for the charges dismissed is not barred. Upon consent of the defendant, the prosecutor may dismiss the citation even after the first witness is sworn.
I hope this opinion sufficiently answers your questions. If our office may be of any further assistance, please do not hesitate to contact us.
Sincerely,
 RICHARD P. IEYOUB Attorney General
BY: DONALD W. NORTH Assistant Attorney General PI:DWN:rlo
OPINION NUMBER 00-157
May 16, 2000
77 — Officers — Local Municipal 15 — Courts R.S. 33:441
R.S. 33:404
The Mayor presides over the Mayor's Court with jurisdiction over violations of ordinances. He also supervises all municipal offices except for an elected chief of police's office.
Hon. Carl Adam Davis, Sr. Mayor, Town of Basile P.O. Box 308 Basile, LA 70515-0308
Dear Mayor Davis:
This office is in receipt of your request for an opinion of the Attorney General in regard to the Town Attorney. You state that you were hoping to hold mayor's court, but the town attorney told you that would be up to the Board of Aldermen, and they wanted him. Succinctly, you indicate you have no cooperation with the present Town Attorney or the Board of Aldermen, and that you are "helpless as mayor to do anything concerned with everyday operations of the town." You ask if it is possible to get advice from another attorney.
With respect to the advice you received that it would be up to the Board of Aldermen as to who would hold mayor's court, we feel you should be aware of R.S. 33:441 wherein it provides as follows:
 A. Except as provided in Chapter 7 of Title 13, there shall be a mayor's court in the municipality, with jurisdiction over all violations of municipal ordinances. The mayor may try all breaches of the ordinances and impose fines or imprisonment, or both, provided for the infraction thereof. Notwithstanding any other provisions of law to the contrary, the mayor may also impose court costs not to exceed thirty dollars for each offense, as defined by ordinance, on any defendant convicted of a violation of a municipal ordinance.
 B. Notwithstanding any other provision of law to the contrary, the board of aldermen in its discretion may, upon the request of the mayor, appoint an attorney who shall be designated as court magistrate and who shall serve at the pleasure of the mayor and may from time to time be designated by the mayor to serve in his stead as the presiding official over the mayor's court. Whenever the magistrate is so designated by the mayor to preside over the mayor's court, he shall exercise the powers and authority of the mayor over said court. The board of aldermen shall fix and pay the salary of the magistrate, if one is appointed.
 C. (1) The mayor shall have the power of a committing magistrate.
 (2) The presiding officer of a mayor's court shall be entitled to judicial immunity for his official acts as presiding officer in the same capacity as a judge in this state.
This office concluded in Atty. Gen. Op. 97-461, "Except when a magistrate is appointed upon the request of the mayor and approval of the board of aldermen, the mayor presides over the Mayor's Court, R.S. 33:441." This is consistent with the earlier conclusion in Atty. Gen. Op. 93-541 which observed that a mayor's court has jurisdiction over all violations of municipal ordinances, and that the mayor may try all breaches of the ordinances and impose fines or imprisonment, or both, provided for the infraction of the ordinance.
While this office has recognized that upon request of the mayor the board of aldermen may appoint an attorney as court magistrate who shall serve at the pleasure of the mayor and serve in his stead, this office further declared, "Since the magistrate serves at the pleasure of the mayor, it is within the mayor's discretion to re-move the magistrate." Atty. Gen. Op. No. 93-313A.
Insofar as your comments that you cannot do anything concerned with everyday operations of the town, and that town employees fear the board of aldermen will fire them if they fail to follow their orders rather than yours, we find R.S. 33:404, Duties of Mayor, is controlling wherein it provides in pertinent part as follows:
 A. The mayor shall have the following powers, duties, and responsibilities:
 (1) To supervise and direct the administration and operation of all municipal departments, offices, and agencies, other than a police department with an elected chief of police, in conformity with ordinances adopted by the board of aldermen and with applicable provisions of state law; however, no such ordinance may limit the authority granted to the mayor by this Paragraph. All administrative staff shall be subordinate to the mayor.
 (2) To delegate the performance of administrative duties to such municipal officers or employees as he deems necessary and advisable.
 (3) Subject to applicable state law, ordinances, and civil service rules and regulations, to appoint and remove municipal employees, other than the employees of the police department with an elected chief of police. However, appointment or removal of a non-elected chief of police, the municipal clerk, the municipal attorney, or any department head shall be subject to approval by the board of aldermen, except that in the case of a tie vote, the recommendation of the mayor shall prevail. Further-more, selection or removal of any person engaged by a municipality to conduct an examination, review, compilation, or audit of its books and accounts pursuant to R.S. 24:517
shall be subject to approval by the board of aldermen of that municipality.
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
 (9) To have any other power or perform any other duty as may be necessary or proper for the administration of municipal affairs not denied by law.
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
(Emphasis added.)
In accordance with this statute the mayor has broad administrative powers, and we would suggest a copy of this provision could be distributed to municipal offices in order to clarify your authority.
While this office has recognized that R.S. 33:1813 permits a municipality to employ additional counsel in cases of extreme necessity it further concluded that the Mayor could not retain and pay a counsel in addition to the city attorney without approval of the Board. Atty. Gen. Op. N.96-398.
We feel it is significant to note that this office has observed that the legislature has established a division of municipal power and responsibilities between the Board of Aldermen, who is vested with legislative authority, and the Mayor, who is the municipality's executive officer. In this regard it was concluded in its legislative function the Board cannot establish policies and procedures that infringe upon the executive duties of the Mayor by limiting his power, and such infringement would be subject to injunctive relief. Atty. Gen. Op. 98-58.
You may wish to contact your parish District Attorney for advice and to determine if there is any malfeasance in office. Moreover, this office is available to respond through an opinion to legal questions that may be presented.
We hope this sufficiently answers your present inquires, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By:______________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr